a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEVEN D. ROBINSON #121493,                   CIVIL DOCKET NO. 5:22-CV-06062
Petitioner                                                    SEC P

VERSUS                                     JUDGE TERRY A. DOUGHTY

JERRY GOODWIN,                   MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Steven D. Robinson ("Robinson"). Robinson is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his convictions in the First Judicial District Court, Caddo Parish.

Because Robinson must provide additional information to determine whether his Petition is timely and all claims exhausted, he must AMEND.

## I.   Background

A unanimous jury convicted Robinson of one count of molestation of a juvenile under age 17 and one count of molestation of a juvenile under age 13. *State v. Robinson*, 51,830, p. 1 (La.App. 2 Cir. 2/28/18); 246 So.3d 725, 727, *writ denied*, 2018-0573 (La. 2/11/19); 263 So.3d 897. Robinson filed a motion for post-verdict judgment of acquittal arguing that the state failed to prove guilt beyond a reasonable doubt; failed to exclude every reasonable hypothesis of innocence; and failed to prove every element of each offense. *Id.* at 731.

1

After a hearing, the trial court denied Robinson's motion.  Robinson was sentenced to a total of 57 years of imprisonment, the first 25 years without benefit of probation, parole or suspension of sentence.  He then filed a motion to reconsider and vacate an unconstitutionally excessive sentence, which was also denied.

On direct appeal, Robinson alleged two assignments of error: (1) there was insufficient evidence to convict him of both molestation counts; and (2) the trial court erred in allowing evidence of other bad acts and other crimes not like the charged offenses.  *Id.*  The appellate court affirmed the conviction and sentence, and the Louisiana Supreme Court denied writs on February 11, 2019.  *Id.*

Robinson filed an application for post-conviction relief on an unspecified date. According to the published jurisprudence, the application was finally denied by the Louisiana Supreme Court on October 18, 2022.  *State v. Robinson*, 2022-01120, p. 1 (La. 10/18/22); 348 So.3d 722, 723.

## II.   Law and Analysis

There is a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d).  The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period.  *Ott v. Johnson*, 192 F.3d 510, 512 (5th

Cir. 1999).  However, any lapse of time before the proper filing of an application for
post-conviction relief in state court is counted against the one-year limitations period.
*Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*,
154 F.3d 196, 199 (5th Cir. 1998)).

Robinson's conviction became final on May 11, 2019, when his time for seeking
review in the United States Supreme Court expired.  *See id.*; *see also* U.S. Sup. Ct.
R. 13.  He generally had one year within which to file a § 2254 Petition.  Of course,
Robinson is entitled to toll the time during which his post-conviction application was
pending.  Therefore, to determine whether the § 2254 Petition is timely, Robinson
must provide the date on which he filed the application for post-conviction relief.

Additionally, a state prisoner must exhaust available state remedies before
seeking federal review, thereby giving the State the opportunity to pass upon and
correct alleged violations of its prisoners' federal rights.  *See Baldwin v. Reese*, 541
U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*,
513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1).  To provide the State with this
necessary opportunity, the prisoner must "fairly present" his claim to the appropriate
state court in a manner that alerts that court to the federal nature of the claim.
*Baldwin v. Reese*, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly
presents" a federal claim, despite failing to give any indication in his appellate brief
of the federal nature of the claim through reference to any federal source of law, when
the state appellate court could have discerned the federal nature of the claim through
review of the lower state court opinion); *Gray v. Netherland*, 518 U.S. 152, 162-63

(1996) (claim for federal relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

Robinson raises the following claims in his § 2254 Petition: (1) his traffic stop and arrest were unconstitutional; (2) the bill of information was improperly amended; (3) the bill of information was "fatally defective"; and (4) he received ineffective assistance of counsel through his attorney's failure to litigate the legality of his arrest and object to the sufficiency of the evidence.  ECF No. 1-2.

## III.   Conclusion

To establish that his Petition is timely and all claims properly exhausted, IT IS HEREBY ORDERED that Robinson state the date his application for post-conviction relief was filed and show that all claims were exhausted by supplementing his Petition with:

1. a dated copy of his application for post-conviction relief filed in the trial court, *and* the trial court's ruling;

2. a dated copy of the writ application and brief submitted in the Second Circuit Court of Appeals on post-conviction review, *and* the appellate court's ruling in Case No. 54,772-KH; and

3. a dated copy of the writ application and brief submitted to the Louisiana Supreme Court on post-conviction review in Case No. 2022-KH-1120.

SIGNED on Thursday, March 30, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4