a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEVEN D ROBINSON #121493, Plaintiff | CIVIL DOCKET NO. 5:22-CV-06062 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JERRY GOODWIN, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Steven D. Robinson ("Robinson"). Robinson is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his convictions in the First Judicial District Court, Caddo Parish.

Because Robinson's Petition is untimely, it should be DENIED and DISMISSED with prejudice.

I. Background

A unanimous jury convicted Robinson of one count of molestation of a juvenile under age 17 and one count of molestation of a juvenile under age 13. *State v. Robinson*, 51,830, p. 1 (La.App. 2 Cir. 2/28/18); 246 So.3d 725, 727, *writ denied*, 2018-0573 (La. 2/11/19); 263 So.3d 897. Robinson filed a motion for post-verdict judgment of acquittal arguing that the state failed to prove guilt beyond a reasonable doubt; failed to exclude every reasonable hypothesis of innocence; and failed to prove every element of each offense. *Id.* at 731.

After a hearing, the trial court denied Robinson's motion. Robinson was sentenced to a total of 57 years of imprisonment, the first 25 years without benefit of probation, parole or suspension of sentence. He then filed a motion to reconsider and vacate an unconstitutionally excessive sentence, which was also denied.

On direct appeal, Robinson alleged two assignments of error: (1) there was insufficient evidence to convict him of both molestation counts; and (2) the trial court erred in allowing evidence of other bad acts and other crimes "not like the charged offenses. *Id.* The appellate court affirmed the conviction and sentence, and the Louisiana Supreme Court denied writs on February 11, 2019. *Id.*

Robinson filed an application for post-conviction relief on February 9, 2021. ECF No. 9-1 at 8. The application was denied. *Id.* at 33. The Louisiana Second Circuit Court of Appeals denied writs. *Id.* at 91. The Louisiana Supreme Court denied writs on October 18, 2022, finding that Robinson failed to show that he was denied the effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) and failed to satisfy the post-conviction burden of proof under La. C.Cr. P. art. 930.2. *State v. Robinson*, 2022-01120, p. 1 (La. 10/18/22); 348 So.3d 722, 723. Robinson did not seek further review in the United States Supreme Court.

II.  **Law and Analysis**

    A.  **Robinson's Petition (ECF No. 1) is untimely.**

There is a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The limitations period generally runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Robinson's conviction became final on May 11, 2019, when his time for seeking review in the United States Supreme Court expired. *See id.*; *see also* U.S. Sup. Ct. R. 13. He had one year—until May 11, 2020—within which to file a § 2254 Petition.

Robinson's habeas petition was not filed until November 22, 2022. ECF No. 1. Although § 2244(d)(2) allows tolling of the one-year period while an application for post-conviction relief is pending, Robinson's application was not filed until February 9, 2021—almost a year after the one-year federal limitations period expired. ECF No. 9-1 at 8. Thus, there was no limitations period left to toll.

### B. Robinson is not entitled to equitable tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, none exist in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Robinson does not allege that any extraordinary circumstance prevented timely filing, and the Court finds none in the record.

### III. Conclusion

Because Robinson's Petition (ECF No. 1) is untimely and he is not entitled to equitable tolling, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Monday, May 8, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE